## Case No. 1,229.

### In re BEERS et al.

[5 N. B. R. 211.] [1]

District Court, N. D. Ohio. March 23, 1870.

BANKRUPTCY—INDIVIDUAL LIABILITY OF PARTNERS —PROOF OF CLAIM.

Where a party files separate proofs of debt for the same [debt and of the same] amount against the individual members of the firm, the claims must stand as proven, and the motion of the assignee that they be stricken from the list will be overruled.

[Cited in Re Tesson, Case No. 13,844.]

[In bankruptcy. On certification by the register.]

I, Henry C. Hedges, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: On the twenty-fifth day of June, eighteen hundred and seventy, Daniel Struble and N. M. Young made their proof and caused to be filed their claim against William L. Merrin, as an individual, for four thousand three hundred and twenty-six dollars and thirty cents, which proven claim is herewith certified. On the twenty-second day of March, eighteen hundred and seventy-one, said Daniel Struble and N. M. Young made their proof and caused to be filed their claim against John Beers, as an individual, for four thousand three hundred and twenty-six dollars and thirty cents, which proven claim is herewith certified. On the twenty-second day of March, eighteen hundred and seventy-one, the assignee filed his two motions to strike from the list of proven claims, said claims against said Wm. L. Merrin, and against said John Beers, which motions are herewith certified.

Now, Mr. Geo. A. Clugston, attorney for S. S. Tuttle, the assignee, and W. C. Cooper, Esq., who appeared for the creditors, Struble & Young, stated and agreed as follows: "That the original indebtedness now proven was the indebtedness of Daniel Struble, N. M. Young and Wm. L. Merrin as partners under the firm name of "The Bank of Fredericktown." That Wm. L. Merrin and John Beers, on the nineteenth day of April, eighteen hundred and sixty-nine, bought out all the interest of said Struble and said Young in said bank, and agreed to save harmless said Young and Struble against all liabilities of said firm, which agreement was reduced to writing, and a copy thereof is attached and marked A. as an exhibit in each proof;

that afterwards Wm. Gilmore and Luther Smith bought into the said bank, and assumed with Beers and Merrin all liabilities; that the indebtedness stated in the proof of said Struble & Young, against William L. Merrin's estate, and against John Beers' estate, was not paid and satisfied by said John Beers or William L. Merrin, nor by the new firm of "The Bank of Fredericktown," composed of William L. Merrin, John Beers, William Gilmore and Luther Smith, but was satisfied by said Struble & Young.

It is claimed by said W. C. Cooper, attorney for said Struble & Young, that the proven claim should stand as a proven claim against Wm. L. Merrin's estate, and that the proven claim should stand as a proven claim against John Beers' estate, and that said Struble & Young are entitled to any dividend that may be made out of the individual assets of Wm. L. Merrin, and also to any dividend that may be made out of the individual assets of John Beers. While it is claimed by Mr. Geo. A. Clugston, attorney for the assignee, that the two several proven claims against the separate estates of Wm. L. Merrin and John Beers each should be stricken from the list of proven claims; that said Struble & Young are not entitled to have a proven claim against the estate of Wm. L. Merrin individually, and the same claim against the estate of John Beers individually; but that in equity said claim should be proven against Wm. L. Merrin and John Beers, (as the old firm), or against Merrin, Beers, Gilmore & Smith as "The Bank of Fredericktown," and that there is no equity in allowing said Struble & Young to prove the same claim against Merrin's and again against Beers' estate.

On consideration whereof, it was by me ordered, that the motions heretofore filed by said assignee be overruled, and said proven claims stand as proven claims against said John Beers' estate. And the said parties request me to certify said matter to his honor, the district judge, for his action, which is done accordingly.

W. C. Cooper, for Struble and Young, assented to the action of the register.

Geo. A. Clugston, for S. S. Tuttle, assignee, dissented to the action and decision of the register.

SHERMAN, District Judge. I approve the decision made above, and order the same to be so certified to the register.

———

BEERS, (BLANCHARD v.) See Case No. 1,506.

[1] [Reprinted by permission.]